**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EXPPHA, LLC f/k/a PREFERRED
PHYSICIANS HEALTHCARE
ALLIANCE, L.C.,

        Plaintiff,

vs.                                                      Case No. 6:12-cv-1928-Orl-37GJK

KEPRO ACQUISITIONS, INC.,

        Defendant.

**ORDER**

This cause is before the Court on its own motion. Plaintiff commenced this action in state court. Defendant removed to federal court, alleging that the requirements of this Court's diversity jurisdiction were satisfied. (Doc. 1.) More specifically, Defendant contends that Plaintiff is a Florida corporation with a principle place of business in Miramar, Florida. (*Id.*) The allegations in the complaint and the documents attached to the removal papers make clear, however, that Plaintiff is a limited liability company, not a corporation. (Docs. 1, 2.)

For the purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Rolling Greens MHP, L.C. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1287 (11th Cir. 2004). A limited liability company is a citizen of any state where one or more of its members is a citizen. *Id.* Neither the Complaint nor the removal papers provide allegations regarding the citizenship of Plaintiff's members. Therefore, Defendant failed to show on removal that the requirements of subject matter jurisdiction are satisfied by Plaintiff's claims.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant shall show cause by written response why this action should not be remanded to state court for want of subject matter jurisdiction. Defendant shall file a written response to this show cause order before January 4, 2012, at 5:00 p.m. Failure to timely respond may result in remand without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 2, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record