**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EXPPHA, LLC f/k/a PREFERRED
PHYSICIANS HEALTHCARE
ALLIANCE, L.C.,

    Plaintiff,

vs.                                                                 Case No.: 6:12-cv-01928-RBD-GJK

KEPRO ACQUISITIONS, INC.,

    Defendant.
_____/

**KEPRO ACQUISITIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, KePRO Acquisitions, Inc. ("KePRO"), answers Plaintiff's Complaint and Demand for Jury Trial ("Complaint") (Dkt. 2), and as to each correspondingly numbered paragraph states as follows:

1. The referenced documents speak for themselves; otherwise denied.

2. Admitted.

3. KePRO lacks knowledge or information sufficient to form a belief about the truth of the allegations.

4. Admitted.

5. Admitted.

6. Admitted as to KePRO; otherwise denied.

7. KePRO lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. KePRO lacks knowledge or information sufficient to form a belief about the truth of the allegations.

13. Admitted that the parties entered into the Agreement; otherwise denied.

14. The referenced documents speak for themselves; otherwise denied.

15. The referenced documents speak for themselves; otherwise denied.

16. Denied.

17. Denied.

18. Denied.

19. The referenced documents speak for themselves; otherwise denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT I
## BREACH OF CONTRACT

28. Denied.

29. KePRO reasserts its responses to the allegations in paragraphs 1 through 27, above.

30. Admitted.

31. The referenced documents speak for themselves; otherwise denied.

32. The referenced documents speak for themselves; otherwise denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## GENERAL DENIAL

37. KePRO denies all allegations in the Complaint that it has not specifically admitted, above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure To State A Cause of Action)

38. EXPPHA has failed to state a cause of action.

### Second Affirmative Defense
### (Discharge)

39. EXPPHA materially breached the Agreement, and thus discharged KePRO's obligations under the Agreement.

### Third Affirmative Defense
### (Mutual Mistake)

40. KePRO and EXPPHA entered into the Agreement as the result of a mutual mistake.

### Fourth Affirmative Defense
### (Unclean Hands)

41. EXPPHA acted with unclean hands, KePRO was the target of EXPPHA's conduct, and KePRO relied to its detriment on EXPPHA's improper conduct.

### Fifth Affirmative Defense
### (Frustration of Purpose)

42. The purposes for which KePRO bargained, which were known to EXPPHA, have been frustrated because of the failure of consideration.

### Sixth Affirmative Defense
### (Payment)

43. KePRO has satisfied EXPPHA's claim through payment of money or discharge of obligation.

### Seventh Affirmative Defense
### (Damages Required)

44. EXPPHA was not damaged because it did not lose any funds due under the Agreement.

## RELIEF REQUESTED

**WHEREFORE**, KePRO respectfully requests that the Court enter judgment in its favor and against EXPPHA, award KePRO its attorneys' fees and costs incurred in this action in defending Count I as provided in the Agreement, and grant such other relief as is necessary to protect its rights and interests.

Dated: January 4, 2013              Respectfully submitted,

/s/ David B. Weinstein
David B. Weinstein
Florida Bar No. 604410
weinsteind@gtlaw.com
Ryan D. Maxey
Florida Bar No. 059283
maxeyr@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

## CERTIFICATE OF SERVICE

I certify that on January 4, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ David B. Weinstein
Attorney

*TPA 511,744,772*